# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Laura Hart, | ) |
|           Plaintiff, | ) Civil Action No.: 5:18-cv-00338-JMC |
| v. | ) **ORDER** |
| Commissioner of Social Security Administration, | ) |
|           Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 29, 2019. (ECF No. 27.) The Report addresses Plaintiff Laura Hart's ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 27), incorporating it herein, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 27.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on April 18, 2017, and denied Plaintiff's claim for DIB. (ECF No. 10-2 at 29.) Although the ALJ found that Plaintiff's "impairments impose more than minimal limitations on [her] ability to engage in work activities," the ALJ concluded that Plaintiff "does not have an impairment or

1

combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (*Id.* at 18, 20.) In addition, the ALJ concluded that Plaintiff "has the residual functional capacity to perform medium work as defined in 20 [C.F.R.] [§] 404.1567(c) except: [she] is allowed no more than occasional climbing of ladders or steps, occasional crawling." (*Id.* at 22.) Plaintiff requested the Appeals Council ("the Council") to review the ALJ's decision and was denied that request on December 12, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on February 7, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that she "is unable to 'identify clearly' the ALJ's reasoning regarding inconsistencies between Dr. Siddens's opinion and his treatment notes and the other evidence of record." (ECF No. 27 at 21.) Specifically, the Magistrate Judge found that "nothing in [the ALJ's] RFC assessment or discussion of the same indicates that she considered Plaintiff's vision impairment in formulating Plaintiff's RFC." (*Id.* at 22.) The Magistrate Judge concluded that she "cannot find the Commissioner's decision is based on substantial evidence because the ALJ has not explained adequately the alleged contradictions or inconsistencies in Dr. Siddens's opinion based on a complete examination and recounting of the cited records and other record evidence." (*Id.*) On this basis, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings. (*Id.* at 23.)

The parties were apprised of their opportunity to file specific objections to the Report on March 29, 2019. (ECF No. 27-1.) Objections to the Report were due by April 12, 2019. (ECF No. 27.) On April 11, 2019, the Commissioner notified the court that she would not object to the Magistrate Judge's Report. (ECF No. 29 at 1.) Plaintiff has not filed any objection to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby*, 718 F.2d at 199.

Furthermore, a failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 27.) Because no specific objections were filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 27) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

United States District Judge

April 16, 2019
Columbia, South Carolina